IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date:  November 6, 2009

Courtroom Deputy:  LaDonne Bush
Court Reporter:    Kara Spitler
Probation Officer: Jan Woll

---

Criminal Action No. 07-cr-00183-REB-5

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Michele Korver |
| Plaintiff, | |
| v. | |
| 5.  DERRICK JEREMY GRIFFIE, JR., | Ronald Gainor |
| Defendant. | |

---

SENTENCING MINUTES

---

1:33 p.m.     Court in session.

Appearances of counsel.

Defendant is present in custody.

**Defendant plead guilty to Counts One, Forty-Five and Sixty-Two of the Superseding Indictment on March 19, 2009.**

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the United States §5K1.1 Motion for Downward Departure Based on Substantial Assistance (Doc. 967) is granted.

3. That the Motion to Dismiss Counts 8, 10, 19, 27, 38, 42, 48, 55 and 60 of the Superseding Indictment as to Defendant Griffie (Doc. 968) is granted.

4. That the motion for variance contained in defendant's objections to the presentence report attached to the addendum to the presentence report, is granted as set forth on the record;

5. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts One, Forty-Five and Sixty-Two of the Superseding Indictment;

6. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons for a term of 120 months on each of Counts One, Forty-Five and Sixty-Two of the Superseding Indictment, which sentences are to be served concurrently;

7. That on release from imprisonment, the defendant shall be placed on supervised release for a term of five years on Count One, a term of five

       years on Count Forty-Five and a term of three years on Count Sixty-Two, which terms of supervised release shall be served concurrently;

8. That within 72 hours of the defendant's release from imprisonment and the custody of the Bureau of Prisons, he shall report in person to the United States probation department within the district to which he is released;

9. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of his DNA;

        - that the defendant shall submit to one drug test within 15 days of his release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as determined by the court;

        - that the defendant, at his own expense and as directed by his probation officer, shall undergo an alcohol, substance abuse evaluation and thereafter, at his own expense, receive any treatment, therapy, counseling, testing, or education prescribed or recommended by this evaluation or as directed reasonably by his probation officer or as ordered by the

3

>     Court; the defendant shall abstain from the use of alcohol and all other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; and to ensure continuity of treatment, the probation department is authorized to release all relevant records of the defendant, including medical records, mental health records, and the presentence report to any person or entity responsible for or involved in his treatment, therapy, counseling, testing, or education;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each of the three counts of conviction for a total of $300;

9. That an order and judgment of forfeiture shall be entered pursuant to the parties' plea agreement on the forfeiture allegations pursuant to Fed.R.Crim.P. 32.2(B)(3) and the provisions of 21 U.S.C. § 853 and 18 U.S.C. § 982;

10. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

11. That the defendant is remanded to the custody of the United States Marshal.

The defendant waives formal advisement of his right to appeal.

At the defendant's unopposed request, the Court recommends that the Bureau of Prisons place the defendant in a correctional facility, preferably within the state of Colorado, which will facilitate his participation in and completion of the RDAP program.

2:26 p.m.    Court in recess.

Time: 00:53

Hearing concluded.